By the Court :
The facts of the case are not disputed. Mary Medley, before the 11th day of March, 1885, had been regularly adjudged insane by the probate court of Tuscara-was county, and committed to the Columbus Asjdum for the Insane, .when, by a warrant of the probate judge, she was removed to the county infirmary of Tuscarawas county, and from that time until the proceedings were begun to sequester her property she continued in the infirmary, and was supported at the public expeáse. Section 981, Revised Statutes, under which these proceedings .were begun, authorizes the sequestration only of the property of one who, whether sane or insane, “is admitted into the infirmary as a pauper.” The authority given by this section must be strictly pursued. In the case before us the alleged pauper *580 was removed from the insane asylum to the infirmary by a warrant of the probate judge. That court or officer has no power to commit a person, whether insane or not, to the county infirmary as a pauper. The only authority vested by law in a probate judge to place an insane person in a county infirmary is found in section's 707 and 708, Revised Statutes, and they authorize such commitment only until the person can be admitted to an asylum, or, when not entitled to admission, such person is at large and dangerous. Neither of these conditions is shown to have existed in the case of Mary Medley, and, if one or the other did not exist, the commitment was without authority of law. Even if the court should presume in favor of the legality of the commitment, that it was upon one or the other of these two grounds, it would not aid the defendant in error, foi; it is only the property of one who has been admitted to the infirmary as a pauper that can be sequestered by the board of infirmary directors. One who has been admitted to the infirmary by order of a probate judge while waiting for admission to an insane asylum, or because it is dangerous to permit such persons to run at large, though maintained at the public charge, has not been admitted as a pauper within the provision of the statute that authorizes the seizure and sale of his property.
Judgment of the circuit court reversed, and that of the common pleas and probate courts affirmed.